## KNAPP *v.* BARCLAY.

*(Common Pleas of New York City and County, General Term.* December 2, 1889.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.

    Where the evidence is conflicting, judgment will not be disturbed on appeal.

Appeal from district court.

Action to recover money paid to the agent of defendant to obtain a lease from the latter. Judgment for plaintiff, and defendant appeals.

Argued before LARREMORE, C. J., and VAN HOESEN, J.

*James H. Laird,* for appellant. *Matthew Daly,* for respondent.

PER CURIAM. We can discover nothing in the evidence to warrant the observation of the justice of the district court that Stehle deceived Darer, and fraudulently induced him to pay the money in controversy to Barclay. If the justice believed Darer's own story, he had no reason to impute the slightest fraud to any one. Darer swore that he paid the money to Barclay's agent in reliance upon the promise of the latter that it should be returned in case Mr. Barclay did not give him a lease of the farm. Mr. Barclay did not give Darer a lease, and, consequently, if Darer's story be true, he is entitled to recover the money, not because he was defrauded, but because the contract provided that it should be returned to him, under the circumstances that now exist. Although the testimony of Darer is amply sufficient to support the judgment, it seems that it was not accepted as true by the justice, who appears to have discredited the statement that the money was to be returned in case a lease were not given to Darer, and to have assumed without proof that Darer paid the money because Stehle persuaded him that it was the best way to insure the getting of a lease, and that Stehle was guilty of fraud in using such persuasions. We have doubts as to whether the decision of the court below was a wise one, but we shall not interfere with it. It seems strange to us that no inquiry was made of Paine, the agent of Mr. Barclay, as to whether he agreed at the time the money was paid to return it to Darer in the event of Mr. Barclay's refusal to give him a lease. Paine was a witness, and the very turning point of the case was whether or not such an agreement was made, and yet Paine did not really contradict Darer's statement as to the agreement. We must therefore affirm the judgment.